IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03188-REB-MEH

JOHN HERMANN,

      Plaintiff,

v.

HARTFORD CASUALTY INSURANCE COMPANY,

      Defendant.

---

## ORDER ON MOTION TO STRIKE

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendant's Motion to Strike Plaintiff's "Non-Retained" Expert Disclosures [filed September 12, 2012; docket #63].  The matter is referred to this Court for disposition. (Docket #64.)  The motion is fully briefed, and oral argument would not assist the Court in its adjudication of the motion.  For the reasons that follow, the Court **grants in part and denies in part** the Defendant's motion.

## I.      Background

In this lawsuit, Plaintiff, John Hermann ("Hermann"), alleges that Defendant Hartford Casualty Insurance Co. ("Hartford"), issuer of a workers compensation policy from which the Plaintiff made a claim following a December 4, 2009 automobile accident during the course of his employment, improperly denied the claim for a period of seven months, during which time Hermann claims he did not receive necessary medical care.  *See generally* Complaint, docket #2.

On August 17, 2012, the Plaintiff served an expert disclosure statement in this matter identifying four witnesses as "non-retained" experts: (1) Robert A. Chinisci Ph.D., a psychologist; (2) James A. Doran, D.C. , a chiropractor; (3) Lynn Parry, M.D., a neurologist; and (4) David W.

Yamamoto, M.D., a physician.  *See* docket #63-1.  Attached to the statement are reports provided

by each witness.  *See* docket #63-2 through #63-5.  In the present motion, Hartford argues that the

substance of the witnesses' reports exceeds the scope of non-retained expert testimony and, thus,

each witness is required to comply with the full reporting requirements of Fed. R. Civ. P.

26(a)(2)(B).  Hartford contends that, because Hermann has failed to with Rule 26(a)(2)(B)

requirements for each of these witnesses, the disclosures should be stricken pursuant to Fed. R. Civ.

P. 37(c)(1).

Hermann counters that under the 2010 amendments to Rule 26, "opinions formed by a

healthcare professional in the course of treatment, which are based on the information available at

that time, as opposed to being based on additional information supplied by counsel, require only a

Rule 26(a)(2)(C) disclosure, not a Rule 26(a)(2)(B) disclosure."  Response, docket #73 at 2-3.

Hartford replies that Hermann's position is not wholly inconsistent with its own, and that the

four expert witnesses, either in their reports or in deposition testimony, demonstrate that they formed

their opinions for the purpose of this litigation using information other than their own observations.

As such, Hartford asserts that these expert disclosures fall under Rule 26(a)(2)(B) and are

insufficient as submitted.

## II.   Analysis

Hartford brings its motion pursuant to Rule 37(c), which states in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule 26(a)
> or (e), the party is not allowed to use that information or witness to supply evidence
> on a motion, at a hearing, or at a trial, unless the failure was substantially justified
> or is harmless.

Fed. R. Civ. P. 37(c)(1).  "The imposition of sanctions for abuse of discovery under Fed. R. Civ. P.

37 is a matter within the discretion of the trial court."  *Orjias v. Stevenson*, 31 F.3d 995, 1005 (10th

Cir.), *cert. denied*, 513 U.S. 1000 (1994).  A district court abuses its discretion if the exclusion of

testimony results in fundamental unfairness in the trial of the case.  *Id.* (citing *Smith v. Ford Motor Co.*, 626 F.2d 784, 794 (10th Cir. 1980)).

Rule 26(a)(2)(A) requires a party to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  Depending upon the nature of the witness, a party may also need to disclose additional information.  Fed. R. Civ. P. 26 (a)(2)(B) provides in part that if "the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," the disclosure must be supplemented by a written report containing,

1.   a complete statement of all opinions the witness will express and the basis and reasons for them;

2.   the facts or data considered by the witness in forming them;

3.   any exhibits that will be used to summarize or support them;

4.   the witness' qualifications, including a list of all publications authored in the previous 10 years;

5.   a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

6.   a statement of the compensation to be paid for the study and testimony in the case.

For all other witnesses, parties are required to disclose only "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705 and (ii) a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C).

The purpose of expert disclosures is "to eliminate surprise and provide opposing counsel with enough information ... to prepare efficiently for deposition, any pretrial motions and trial." *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1121-22 (D. Colo. 2006).

3

The Court notes at the outset that Rule 26(a)(2) addresses only the sufficiency of the disclosure. Compliance with Rule 26(a)(2) does not resolve whether witnesses are qualified under Fed. R. Evid. 702 or whether their testimony is admissible at trial. Hartford's motion was brought pursuant to Rule 26(a)(2) and Rule 37(c)(1), and the Court will limit its analysis accordingly.

This Court has traditionally employed a burden-shifting procedure for determining whether the requirements of Rule 26(a)(2) have been satisfied . *Morris v. Wells Fargo Bank, N.A.*, No. 09-cv-02160-CMA-KMT, 2010 WL 2501078, at *1 (D. Colo. June 17, 2010) (unpublished) ("[I]t is clear that some showing must be made to distinguish an expert witness not required to file a report under Rule 26(a)(2)(B) from the vast majority of cases where experts are required to provide a report."). The party moving to strike the witness bears the initial burden of showing that the disclosing party failed to produce a written report under Rule 26(a)(2)(B). *Id.* The burden then shifts to the disclosing party to demonstrate that the witness is not retained or specially employed and, thus, no report was required. *Id.* Because the rule was amended following *Morris* to require a non-retained expert to provide the subject matter and a summary of facts and opinions to which the expert is expected to testify, the standard has changed somewhat to require the movant to show that the disclosing party failed to meet all requirements of Rule 26(a)(2)(B), and the disclosing party must then demonstrate that the expert is not retained or specially employed so that the requirements of Rule 26(a)(2)(B) do not apply.

Ordinarily, physicians providing a party with medical treatment are designated as non-retained and, thus, are exempt from the report requirement. *Trejo v. Franklin*, No. 04-cv-02523-REB-MJW, 2007 WL 2221433, at *1 (D. Colo. July 30, 2007) (unpublished) ("In general, treating physicians do not come within the purview of [the Rule 26(a)(2)(B)] requirement."). Because treating physicians presumably keep medical records documenting their observations, findings, and treatment regimes, a written report usually would be unnecessary. *See Scholl v. Pateder*, No. 09-cv-

4

02959-PAB-KLM, 2011 WL 2473284, at *3 (D. Colo. June 22,  2011) (unpublished).

Although a witness' records as a treating physician may, in some instances, obviate the need for a report, "[i]t is the substance of the expert's testimony, not the status of the expert, which will dictate whether a Rule 26(a)(2)(B) report will be required." *Trejo*, 2007 WL 2221433 at *2 (quoting *Harvey v. United States of America*, CIV A04CV00188WYDCBS, 2005 WL 3164236, at *8 (D. Colo. Nov. 28, 2005) (unpublished)).  When a witness' testimony is limited to "his  observations, diagnosis and treatment of a patient, the physician is testifying about what he saw and did and why he did it, even though the physician's treatment and his testimony about that treatment are based on his specialized knowledge and training." *Griffith v. Northeast Ill. Reg'l Commuter R.R. Corp.*, 233 F.R.D. 513, 518 (N.D. Ill. 2006); *see also Krischel v. Hennessy*, 533 F. Supp. 2d 790, 795 (N.D. Ill. 2008).  Under these circumstances, no Rule 26(a)(2)(B) report is necessary.  *Id.*  However, when a witness "opines as to causation, prognosis, or future disability, the physician is going beyond what he saw and did and why he did it...and [is] giving an opinion formed because there is a lawsuit." *Id.*  A similar conclusion may be reached when a witness is asked to review the records of another health care provider in order to formulate his or her own opinion on the appropriateness of care. *Trejo*, 2007 WL 2221433 at *1-*2 (quoting *Wreath v. Kansas*, 161 F.R.D. 448, 450 (D. Kan. 1995)). In both instances, the witness is considered "retained or employed" under Rule 26(a)(2)(B) and must file a written report accordingly.  *Id.*

This case presents what appears to be an unusual circumstance (arising solely from the relatively short time span from the date the 2010 amendments went into effect) where the identified "non-retained" experts have submitted some sort of report indicating what evidence they intend to produce by way of testimony.  Based upon these reports, the Court will determine first whether any of the identified "non-retained" experts should be subject to the requirements of Rule 26(a)(2)(B) and, if so, whether Hermann's failure to fully comply with the rule's requirements is substantially

justified or harmless.

     A.    <u>Retained vs. Non-Retained</u>

Here, the Court finds that Hartford has met its initial burden of showing that Hermann's "non-retained" witnesses failed to comply with all requirements set forth in Rule 26(a)(2)(B) by demonstrating that each of the identified "non-retained" experts failed to provide one or more of the following required portions of the report: their qualifications, exhibits they will use to summarize or support their opinions, a list of previous testimonial experience, and a statement of compensation. Hermann does not contend otherwise, but asserts that these experts' reports fall properly under Rule 26(a)(2)(C).[1] Thus, the Court shifts its analysis to whether Hermann has demonstrated that his disclosed witnesses are properly designated as non-retained. Hermann relies on no evidence in support of his position, other than the reports produced by each witness. The Court will address each witness in turn.

     1.    Robert A. Chinisci, Ph.D.

According to Dr. Chinisci's report, he practices clinical psychology and neuropsychology as a sole practitioner. Docket #63-2. Hermann was referred to Dr. Chinisci by his treating physician, Dr. Yamamoto, in or about May 2012. Until the date of the report, June 28, 2012, Hermann had been seeing Dr. Chinisci twice a week. In his report, Dr. Chinisci describes his observations of Hermann, as well as his treatment and the reasons for his treatment. The Court finds these descriptions proper for a non-retained treating physician. However, Dr. Chinisci also provides opinions as to the causation and prognosis of Hermann's alleged psychological injuries, as well as comments regarding the findings of another psychologist. Further, Dr. Chinisci confirms in his

---

[1] Hermann's request for a hearing on this question was improperly made. *See* D.C. Colo. LCivR 7.1C ("A motion shall not be included in a response or reply to the original motion."). Nevertheless, as set forth above, the Court finds that an evidentiary hearing will not assist in the adjudication of this motion.

deposition that he was retained to provide his report by Hermann's counsel and billed his time to write the report.  Deposition of Robert A. Chinisci, October 1, 2012 ("Chinisci depo") at 18: 2-22, docket #74-3.  The Court concludes these latter findings and opinions trigger the requirements of Rule 26(a)(2)(B).  *See Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011) (expert falls outside the scope of treating physician when, to form an opinion, expert reviews information provided by party's attorney that was not reviewed during course of treatment).

It is undisputed that Hermann did not comply with Rule 26(a)(2)(B)'s requirements as to Dr. Chinisci, and pursuant to Rule 37(c)(1), the Court must determine whether Hermann's failure is substantially justified or harmless.  In *Jacobsen v. Deseret Book Co.,* 287 F.3d 936 (10th Cir. 2002), the Tenth Circuit noted that "Rule 37(c) permits a district court to refuse to strike expert reports and allow expert testimony even when the expert report violates Rule 26(a) if the violation is justified or harmless." *Id.* at 952.  In determining whether a violation is harmless, a trial court must consider the following:

> (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*Id.* at 953.

In this case, discovery ended October 1, 2012, the trial preparation conference before Judge Blackburn is scheduled for December 21, 2012, and trial is scheduled to commence on January 7, 2013.  Furthermore, the deadline to file Rule 702 motions challenging expert testimony passed on October 1, 2012.  Thus, the prejudice to Hartford in allowing Dr. Chinisci to opine as a retained expert without required disclosures is evident.  Currently, there is no indication that the trial preparation conference or trial dates will change; therefore, the parties' ability to cure is limited.  Introducing Dr. Chinisci's retained expert testimony at trial likely would be disruptive considering that Rule 702 challenges would be likely made at that time.  Finally, the Court perceives no bad faith

7

or willfulness on the part of Hartford in this matter.

Therefore, the Court will strike, and Hermann may not use at trial, the following opinions and comments as stated by Dr. Chinisci in his report[2]: (1) any information contained in Paragraph 7 beginning, "In September 2010 ..."; (2) any information contained in Paragraph 10 beginning, "Adding insult to injury ..."; (3) any information contained in Paragraph 11 beginning, "From a strictly neuropsychological point of view ..."; (4) opinions concerning future disability in Paragraph 12 beginning, "Currently, Mr. Hermann is 2-1/2 years post-accident."; (5) opinions concerning future disability in Paragraph 13 beginning, "Mr. Hermann reports that he has spent a majority ..."; and (6) opinions concerning future disability in Paragraph 14 beginning "Mr. Hermann has been very motivated ... ."  Accordingly, Hartford's motion is granted in part and denied in part as to Dr. Chinisci.

     2.    James A. Doran, D.C.

According to his August 16, 2012 report, Dr. Doran is a chiropractor who began treating Hermann thirteen days after the automobile accident on December 4, 2009.  *See* docket #63-3.  Hermann initially complained to Dr. Doran of "sever[e] neck pain, back pain and intense headaches."  Dr. Doran describes in his report Hermann's treatment history from December 2009 through May 2011.  The Court finds the description generally proper testimony for a non-retained treating physician.  However, Dr. Doran also opines as to causation and prognosis, opines as to the

---

[2]Pursuant to Rule 37(c)(1), a party who fails to identify a witness or provide information as required by Rule 26(a) or (e) may not use the witness or the information at trial.  Fed. R. Civ. P. 37(c)(1).  Here, Hermann has certainly identified expert witnesses and provided reports of their expected testimony; however, Hartford contends that Hermann failed to provide the information required to offer *retained* expert testimony.  Therefore, to the extent the Court concludes a witness has provided retained expert testimony without satisfying Rule 26(a)(2)(B), the Court need only strike such testimony.

findings of another doctor[3], and makes comments concerning his review of other doctors' findings. Further, Dr. Doran confirms in his deposition that he relied on the findings of other doctors to come to an opinion on causation and was compensated for his report.  Deposition of James Doran, September 20, 2012 ("Doran depo") at 50: 13-25, 51: 1-25, 52: 1-12; 53:25, 54: 1-2, docket #74-1. These latter opinions and findings trigger the requirements of Rule 26(a)(2)(B); however, it is undisputed that Hermann failed to meet the rule's requirements as to Dr. Doran.  As set forth above, Hermann's failure in this regard is neither substantially justified nor harmless.

Therefore, the Court will strike, and Hermann may not use at trial, the following opinions and comments as stated by Dr. Doran in his report: (1) the opinion stated on the third page of Dr. Doran's report in the second sentence of the paragraph beginning, "In January 2011, Mr. Hermann received ..."; (2) all comments concerning Hermann's exam with Dr. Eric Graves, as set forth on the third page of Dr. Doran's report; (3) all comments concerning Dr. Yamamoto's findings in June 2011 and June 2012 as set forth on the fourth page of the report; (4) Dr. Doran's opinions concerning causation of the alleged soft tissue injuries, as set forth in the last two sentences of the "Discussion" section of the report on the fourth page; (5) Dr. Doran's opinions concerning causation of the alleged soft tissue injuries, as set forth in the first full paragraph of the fifth page of the report under the heading "Conclusion"; (6) all comments concerning Dr. Weingarten's IME report, as set forth on the fifth and sixth pages of the report; and (7) all comments concerning prognosis and future disability set forth in the final paragraph of the report on the sixth page.  This order does not preclude Dr. Doran from testifying as to what he saw, what he did and why he did it.[4]  Accordingly,

---

[3]Dr. Doran confirms in his deposition that the findings of Dr. Weingarten were provided to him by Hermann's counsel for the purpose of opining on them.  Doran depo at 56: 4-14, docket #74-1.

[4]It is unclear from the report whether Dr. Doran comments as to the findings of other doctors in the treatment history, such as Dr. Greene and Dr. Yamamoto, to explain what he did to treat

the Hartford's motion is granted in part and denied in part as to Dr. Doran.

       3.     Lynn Parry, M.D.

According to her August 31, 2011 report, Dr. Parry is a neurologist who had seen and treated Hermann following the automobile accident. *See* docket #63-4. Before August 31, 2011, Dr. Parry had seen Hermann previously in November 2010. *Id.* Dr. Parry describes her observations, diagnosis and treatment of Hermann. Dr. Parry also comments about the findings of other doctors and opines upon review of the findings of two other doctors. However, there is no indication that Dr. Parry's review was requested by any party or that the report itself was prepared in anticipation of trial; in fact, the report was made more than three months before this lawsuit was filed. Rather, it appears that Dr. Parry's opinions stemming from her review of the findings of other doctors were made during the course of her treatment of Hermann. *See Trejo*, 2007 WL 2221433 at *1 ("[treating physicians'] testimony is based upon their personal knowledge of the treatment of the patient and *not information acquired from outside sources for the purpose of giving an opinion in anticipation of trial*.") (quoting *Baker v. Taco Bell Corp.*, 163 F.R.D. 348, 349 (D. Colo. 1995) (emphasis added). Thus, the Court finds the information contained in Dr. Parry's August 31, 2011 report contains proper testimony for a non-retained treating physician.

In a subsequent August 7, 2012 report, Dr. Parry sets forth her observations and treatment, but also proffers opinions on causation and prognosis. *See* docket #63-6. These opinions trigger the requirements of Rule 26(a)(2)(B); however, it is undisputed that Hermann failed to meet the rule's requirements as to Dr. Parry. As set forth above, Hermann's failure in this regard is neither substantially justified nor harmless.

---

Hermann and why he did it. Therefore, to the extent Dr. Doran offers comments as to the other doctors' findings for this purpose, the Court concludes that it is proper non-retained expert testimony.

10

Therefore, the Court will strike, and Hermann may not use at trial, the following opinions and comments as stated by Dr. Parry in her August 7, 2012 report: Dr. Parry may not opine as to prognosis or causation to the extent these opinions were not formed during the course of her treatment of Hermann.[5]  Accordingly, the Hartford's motion is granted in part and denied in part as to Dr. Parry.

4.     David W. Yamamoto

Dr. Yamamoto's report consists of an Impairment Rating/Treating Physician statement dated June 3, 2011, a letter to Peter Moyson, Hermann's counsel, dated May 3, 2012, a second letter to Moyson dated June 28, 2012, and a third letter to Moyson dated August 24, 2012.  *See* docket #63-5 and docket #63-7.  The impairment rating statement was prepared more than six months prior to the initiation of this litigation, and there is no indication that Dr. Yamamoto's opinions therein were solicited by any party to the litigation.  Rather, it is obvious from the content of the statement that it was prepared for the purpose of diagnosis and rating Hermann's maximum medical improvement.  As such, the Court finds that the information and opinions contained in the Impairment Rating/ Treating Physician statement is proper testimony for a non-retained treating physician.

The letters to Moyson contain observations, diagnosis and treatment, but also contain Dr. Yamamoto's opinions as to causation (May 3, 2012 letter), prognosis, future disability and causation (June 28, 2012 letter), and costs of future treatment (August 24, 2012 letter).  *See* dockets #63-5 and #63-7.  It is clear from these letters that Dr. Yamamoto was asked by Hermann's counsel to prepare his opinions in anticipation of trial.  Thus, these opinions trigger the requirements of Rule 26(a)(2)(B); however, it is undisputed that Hermann failed to meet the rule's requirements as to Dr.

---

[5]For example, there is nothing in either report indicating that Dr. Parry had personal knowledge of, or involvement with, any "delay" in Hermann receiving treatment; thus, it is not clear that she formed opinions about any such delay during the course of her treatment.

Yamamoto.  As set forth herein, Hermann's failure in this regard is neither substantially justified nor harmless.  Therefore, the Court will strike, and Hermann may not use at trial, the opinions as stated by Dr. Yamamoto in his May 3, 2012, June 28, 2012 and August 24, 2012 letters; that is, Dr. Yamamoto may not opine as to future disability, prognosis or causation to the extent these opinions were not formed during the course of his treatment of Hermann.  Accordingly, the Hartford's motion is granted in part and denied in part as to Dr. Yamamoto.

## III.    Conclusion

For the reasons stated above, the Court finds that, to a certain extent, the four identified witnesses are properly designated as non-retained treating physicians.  However, according to the reports attached to Hermann's disclosures, each physician expects to proffer testimony as to certain opinions that trigger the requirements of Rule 26(a)(2)(B).  It is undisputed that Hermann did not meet the rule's requirements; therefore, the Court will strike the non-compliant opinion testimony.  Accordingly, the Court **grants in part and denies in part** Defendant's Motion to Strike Plaintiff's "Non-Retained" Expert Disclosures [filed September 12, 2012; docket #63] as set forth herein.

Dated at Denver, Colorado, this 15th day of November, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge