**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-03188-REB-MEH

JOHN HERMANN,

    Plaintiff,

v.

HARTFORD CASUALTY INSURANCE COMPANY,

    Defendant.

**ORDER GRANTING MOTION TO CONTINUE TRIAL DATE**

**Blackburn, J.**

    This matter is before me on the following: (1) **Hartford Casualty Insurance Company's Unopposed Motion To Continue Trial and Related Deadlines** [#78][1] filed November 8, 2012; and (2) the **Recommendation of United States Magistrate Judge** [#82] filed November 15, 2012. I adopt the recommendation and grant the motion.

    The United States Court of Appeals for the Tenth Circuit has outlined four primary factors that should be considered to determine if a continuance is necessary. ***See, e.g., Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.***, 175 F.3d 1221, 1230 (10th Cir. 1999) (citing ***U.S. v. West***, 828 F.2d 1468, 1469 (10th Cir. 1987) (listing factors)). The key relevant factors are

    (1) the diligence of the party requesting the continuance; (2) the likelihood

---

[1] "[#78]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

      that the continuance, if granted, would accomplish the purpose underlying
the party's expressed need for the continuance; (3) the inconvenience to
the opposing party, its witnesses, and the court resulting from the
continuance; [and] (4) the need asserted for the continuance and the harm
that [movant] might suffer as result of the district court's denial of the
continuance.

***United States v. Rivera***, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting ***United States v. West***, 828 F.2d 1468, 1470 (10th Cir. 1987)).  On balance, these factors weigh in favor of a continuance.

     As the magistrate judge summarizes in his recommendation, certain limited discovery concerning the plaintiff's expert witness is not yet complete.  Despite the diligent and good faith efforts of the parties, the parties will not be able to complete this discovery before the time of the trial preparation conference and trial as currently set.  As a result, the trial preparation conference set for December 21, 2012, and the trial date set for January 7, 2013, must be vacated and re-set.

     **THEREFORE, IT IS ORDERED** as follows:

     1. That the **Recommendation of United States Magistrate Judge** [#82] filed November 15, 2012, is **APPROVED** and **ADOPTED** as an order of this court;

     2. That **Hartford Casualty Insurance Company's Unopposed Motion To Continue Trial and Related Deadlines** [#78] filed November 8, 2012, is **GRANTED**;

     3. That the trial preparation conference set for December 21, 2012, at 2:30 p.m. and the trial set to begin on January 7, 2013, are **VACATED**;

     4. That the **Trial Preparation Conference Order** [#12] entered January 27, 2012, is **AMENDED** and **SUPPLEMENTED** accordingly;

5.  That counsel **SHALL** contact the court's administrative assistant, **Susan Schmitz, at (303) 335-2350** on **December 17, 2012, at 9:30 a.m.**, to reschedule the trial preparation conference and trial; and

6.  That counsel for the plaintiff shall arrange, initiate, and coordinate the conference call necessary to facilitate the setting conference.

Dated December 11, 2012, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge

3