**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-03188-REB-MEH

JOHN HERMANN,

    Plaintiff,

v.

HARTFORD CASUALTY INSURANCE COMPANY,

    Defendant.

**ORDER GRANTING MOTIONS TO CONTINUE TRIAL**

**Blackburn, J.**

    This matter is before me on the following: (1) **Unopposed Motion of Hartford Casualty Insurance Company To Continue Trial and Related Deadlines** [#94][1] filed June 5, 2013; and (2) **Plaintiff's Unopposed Motion to Continue Trial Date and Pretrial Deadlines Due to the Physical Disability of Plaintiff's Counsel** [#95] filed July 8, 2013.  Both motions are unopposed and are granted.

    The United States Court of Appeals for the Tenth Circuit has outlined four primary factors that should be considered to determine if a continuance of trial is necessary.  ***See, e.g., Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.***, 175 F.3d 1221, 1230 (10th Cir. 1999) (citing ***U.S. v. West***, 828 F.2d 1468, 1469 (10th Cir. 1987) (listing factors)).  The key relevant factors are

---

[1] "[#94]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

> (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] (4) the need asserted for the continuance and the harm that [movant] might suffer as result of the district court's denial of the continuance.

*United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987)).  The defendant's motion addresses these factors and describes specific facts in this case relevant to the *West* factors.  The plaintiff's motion does not address the *West* factors.  However, given the uncontroverted facts averred in both motions, I conclude that a continuance is warranted.

Currently, the plaintiff, John Hermann, is preparing to file amended schedules in his bankruptcy proceeding.  It is apparent that he will list his claim in this case as an asset subject to administration by the bankruptcy court.  The bankruptcy trustee has not yet determined whether he or she will abandon the claim asserted in this case or ratify, join, or ask to be substituted into this action.  In addition, Mr. Hermann's sole counsel currently is suffering from a medical condition that will prohibit him from representing Mr. Hermann at trial.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Unopposed Motion of Hartford Casualty Insurance Company To Continue Trial and Related Deadlines** [#94] filed June 5, 2013, is **GRANTED**;

2. That the **Plaintiff's Unopposed Motion to Continue Trial Date and Pretrial Deadlines Due to the Physical Disability of Plaintiff's Counsel** [#95] filed July 8, 2013, is **GRANTED**;

3. That the Trial Preparation Conference set July 12, 2013, at 1:30 p.m., and the

trial set to begin July 29, 2013, are **VACATED**;

    4.  That the **Second Trial Preparation Conference Order** [#87] entered December 17, 2012, is **AMENDED** and **SUPPLEMENTED** accordingly;

    5.  That pending resolution of the plaintiff's bankruptcy proceedings, under **D.C.COLO.LCivR 41.2**, this action is **CLOSED ADMINISTRATIVELY**;

    6.  That under **D.C.COLO.LCivR 41.2**, the clerk is **DIRECTED** to close this civil action administratively, subject to reopening for good cause;

    7.  That all other pending motions, including those docketed as [#65, #67, #68, #90, and #91] are **DENIED** as moot, subject to renewal once this case is reopened for good cause;

    8.  That after this case is reopened, any such motion may be renewed by the moving party by filing a brief notice indicating the title and docket number of the motion the moving party seeks to renew;

    9.  That if a motion is so renewed, any response and reply previously filed shall be considered to be applicable to the renewed motion.

    Dated July 9, 2013, at Denver, Colorado.

                                        **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge