IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03188-REB-MEH

JOHN HERMANN,

    Plaintiff,

v.

HARTFORD CASUALTY INSURANCE COMPANY,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiff's First Motion to Amend Complaint [filed May 14, 2015; docket #113]. The matter is referred to this Court for disposition. (Docket #114.) The motion is fully briefed, and oral argument would not assist the Court in its adjudication of the motion. For the reasons that follow, the Court respectfully recommends that the motion be **denied**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**I.      Background**

Plaintiff originated this action in Boulder County District Court on October 25, 2011 alleging essentially that Defendant improperly delayed the payment of insurance benefits following an automobile accident in which the Plaintiff suffered injuries. *See* Complaint, docket #2. Defendant removed the action on December 8, 2011 and filed an Answer to the Complaint on December 15, 2011 denying Plaintiff's claim. Docket #8. This Court held a conference and issued a Scheduling Order on January 27, 2012 setting the deadline for amendment of pleadings as March 2, 2012. Docket #13.

Discovery proceeded in the case; at the Final Pretrial Conference on November 15, 2012, the parties requested that the trial dates be vacated and discovery reopened for limited purposes; Judge Blackburn adopted this Court's recommendation to grant the parties' request and rescheduled the trial dates. Dockets ##82, 86. However, as the new dates approached, the parties requested that the Court stay the proceedings pending resolution of Plaintiff's bankruptcy proceedings; Judge Blackburn granted the motion and administratively closed this case on July 9, 2013. Docket #96.

Judge Blackburn granted the parties' joint motion to reopen the case on March 4, 2015, and this Court held a status conference on March 12, 2015 at which the Court granted Defendant's request to complete expert depositions following a ruling on the pending motion for summary judgment (if necessary). Docket #104. On April 28, 2015, this Court granted Plaintiff's counsel's motion to withdraw and, on May 22, 2015, Plaintiff's motion for appointment of pro bono counsel. Dockets ##108, 121. To date, no counsel has made an appearance for the Plaintiff.

Meanwhile, Plaintiff (through his former counsel) filed the present motion to amend on May 14, 2015 seeking to add allegations supporting a "bad faith" claim. Plaintiff claims that he

"inadvertently neglected to include any allegations in the Complaint concerning bad faith conduct by Defendant during the course of the workers' compensation case before the Division of Workers' Compensation," and the Defendant will suffer no prejudice from an order permitting the amendment because "no trial has been set in this matter."

Defendant counters that if the amendment is granted, discovery will essentially "start over" to cover the new time period ("over a year-and-a-half") referenced in the amendment. Defendant contends that Plaintiff knew about the facts underlying his amendment years ago and he provides no reason nor explanation for his failure to seek amendment earlier in the litigation. Defendant asserts that Plaintiff fails to show good cause to amend the scheduling order deadline for amendment, and his proposed amendment is both unduly delayed and prejudicial.

Plaintiff replies that Defendant would not be prejudiced by the amendment because defense counsel alerted Plaintiff's counsel to the pleading deficiency in September 2012. Moreover, Plaintiff claims that discovery would need to be re-opened in any case because his physical condition had improved from December 2009 (pre-collision) to December 2012 (pretrial conference). Plaintiff asserts that his proposed amendment is simply "clerical in nature."

**II.     Analysis**

Because Plaintiff filed his motion after the deadline for amendment of pleadings, granting Plaintiff's motion pursuant to Rule 15(a) would require a modification of the Scheduling Order. Thus, the Court employs a two-step analysis. First, the Court evaluates whether Plaintiff demonstrates good cause allowing modification of the Scheduling Order. Second, if Plaintiff shows good cause, he must also meet the requirements of Fed. R. Civ. P. 15(a).

A Scheduling Order may be modified only upon a showing of "good cause" under Fed. R.

Civ. P. 16(b). The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). To show good cause, a plaintiff "must provide an adequate explanation for any delay" in meeting the Scheduling Order's deadline. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Rule 15 instructs courts to "freely give leave when justice so requires." *Id.* Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave to amend. *See Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue. *Minter*, 451 F.3d at 1206. Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank*, 3 F.3d at 1365-66, or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

Here, the Plaintiff does not address the good cause standard for modifying the Scheduling

Order deadline for amendment of pleadings. Rather, Plaintiff simply argues that Defendant had knowledge as June 29, 2012 of Plaintiff's "belief" concerning alleged bad faith conduct during the workers' compensation proceedings as early. Response, ¶ 4, docket #113. The Court finds this is insufficient information from which to determine whether good cause exists for modifying the Scheduling Order. *See Colorado Visionary Acad.*, 194 F.R.D. at 687.

Moreover, the fact that Defendant had knowledge of Plaintiff's unpled "bad faith" theory early in the litigation is not helpful to the Plaintiff for purposes of determining delay. That is, if the Plaintiff knew years ago about the information supporting such claim, but failed either to plead it in his original Complaint or move to amend the Complaint upon having such knowledge,[2] his attempt to amend the Complaint now is certainly unduly delayed. *See Las Vegas Ice & Cold Storage Co.*, 893 F.2d at 1185.

Rather, Plaintiff's stated justification for his proposed amendment goes to whether Defendant would be prejudiced by the amendment. Courts typically find prejudice only when the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1207 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). Plaintiff claims the proposed amendment is simply "clerical in nature," but the Defendant asserts that the facts supporting the bad faith claim –"the course of the workers' compensation case before the Division of Workers' Compensation" – encompass a one-and-a-half year period. Plaintiff does not dispute this assertion. The Court recommends the District Court find that, at this late stage of the litigation in which all fact discovery was completed in September 2012 and a fully briefed motion for

---

[2]Plaintiff concedes that his counsel was alerted to the pleading deficiency as early as September 2012. Reply, docket #125.

summary judgment remains pending, an order granting the proposed amendment would unduly prejudice the Defendant in terms of preparing (another) defense to the new allegations.

### III. Conclusion

For the reasons stated above, the Court recommends that the District Court find Plaintiff has failed to demonstrate good cause for modifying the deadline for amendment of pleadings, and the Defendant has established the proposed amendment is unduly delayed and would be unduly prejudicial if granted. Accordingly, the Court respectfully recommends that Plaintiff's First Motion to Amend Complaint [filed May 14, 2015; docket #113] be **denied**.

Respectfully submitted at Denver, Colorado, this 19th day of June, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge