**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-03188-REB-MEH

JOHN HERMANN,

    Plaintiff,

v.

HARTFORD CASUALTY INSURANCE COMPANY,

    Defendant.

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

**Blackburn, J.**

This matter is before me on the following: (1) **Hartford Casualty Insurance Company's Motion for Summary Judgment and Brief in Support of the Motion** [#67][1] filed October 1, 2012; and (2) the **Motion for Leave to File the Affidavit of Attorney Michael Baetz as a Supplement to the Record Regarding Defendant's Motion for Summary Judgment (Doc. No. 67)** [#112] filed May 14, 2015. The plaintiff filed documents [#92, #93, & #112] which are not captioned as a response to the motion for summary judgment. However, I read these documents as a response to the motion for summary judgment. The defendant filed a response [#122] to the motion of the plaintiff. I grant both motions.

**I. JURISDICTION**

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity).

---

[1] "[#67]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## II. STANDARD OF REVIEW

The purpose of a summary judgment motion is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary judgment is proper when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. **FED. R. CIV. P.** 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Farthing*, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine factual dispute. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. *Id* at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999). In either case, once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. *Concrete Works*, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse*

*Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir.), *cert. denied*, 120 S.Ct. 334 (1999); *Nutting v. RAM Southwest, Inc.*, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000). When a party opposing a motion for summary judgment fails to file a response to a motion for summary judgment, such a failure does not entitle the defendant to a "default" summary judgment *ipso facto*. *Murray v. City of Tahlequah, Oklahoma*, 312 F.3d 1196, 1200 (10th Cir. 2002).

The plaintiff is acting *pro se*.[2] Therefore, I construe his pleadings and other filings generously and with the leniency due to *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). Nevertheless, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110.

### III. BACKGROUND

This case concerns the claim of the plaintiff, John Hermann, that the defendant, Hartford Casualty Insurance Company, unreasonably delayed and denied payment of an insurance claim made by Mr. Hermann to Hartford. Mr. Hermann was involved in a car accident on December 4, 2009. He sought workers' compensation benefits under a policy issued by Hartford. In January 2010, Hartford denied the claim of Mr. Hermann. After further investigation, in May 2010, Hartford agreed to treat the claim as a covered claim. The delay from January to May 2010 is the basis for the claim of unreasonable delay and

---

[2] On April 28, 2015, counsel for Mr. Hermann was permitted to withdraw. Since then, Mr. Hermann has been acting *pro se*.

denial of insurance benefits asserted in this case.

On June 29, 2010, Mr. Hermann and his wife filed a bankruptcy petition under Chapter Seven of the United States Bankruptcy Code. He received a discharge on November 10, 2010. Mr. Hermannn filed his initial complaint in this case on October 5, 2011. *Complaint* [#2].

In the motion for summary judgment [#67], Hartford contends this case should be dismissed based on judicial estoppel. Hartford claims judicial estoppel applies because Mr. Hermann did not list his potential claim against Hartford on Schedule B of his bankruptcy petition.

When he filed his bankruptcy petition on June 29, 2010, Hartford asserts, Mr. Hermann knew Hartford had denied insurance benefits to Mr. Hermann from January 2010 through May 2010. That denial of benefits is the basis of his claim in this lawsuit. Schedule B of the bankruptcy petition of Mr. Hermann required Mr. Hermann to list all "contingent and unliquidated claims of every nature." *Motion for summary judgment* [#67], Exhibit 1 [#67-1] (Bankruptcy Petition), CM/ECF p. 20. Mr. Hermann listed "Potential Personal Injury Award." *Id*. In the view of Hartford, that disclosure cannot reasonably be read to disclose a claim of unreasonable delay and denial of insurance benefits against Hartford.

On July 9, 2013, I entered an order [#96] closing this case administratively. Mr. Hermann had indicated that he was seeking to re-open his bankruptcy proceeding to file amended schedules and to disclose his claim against Hartford in his schedules. I have reviewed the record of the United States Bankruptcy Court for the District of Colorado in the bankruptcy case filed by Mr. Hermann, Bankruptcy Case No. 10-26229 HRT. I take judicial notice of the record of the bankruptcy court in that case. ***St. Louis Baptist***

***Temple, Inc. v. Federal Deposit Ins. Corp.***, 605 F.2d 1169, 1172 (10th Cir. 1979).

On March 4, 2013, the bankruptcy court entered an order permitting Mr. Hermann to re-open his bankruptcy case and to file amended schedules. He filed amended schedules and listed his claim against Hartford, as asserted in this case. On October 2, 2014, the bankruptcy court entered an order approving an agreement between the Chapter 7 Trustee and the debtors, Mr. Hermann and his wife, concerning the claim of Mr. Hermann against Hartford. Under the terms of that agreement, the Chapter 7 Trustee assigned the claim of Mr. Hermann against Hartford to Mr. Hermann.

On March 3, 2015, the parties filed a joint motion to re-open this case. I granted that motion in an order [#98] filed March 4, 2015. In the joint motion to reopen [#97], Hartford asserts that the amendment of the bankruptcy schedules of Mr. Hermann does not vitiate the operation of judicial estoppel as to the claim of Mr. Hermann in this case.

## IV. ANALYSIS - MOTION TO FILE AFFIDAVIT OF ATTORNEY MICHAEL BAETZ

In his motion for leave to file the affidavit of attorney Michael Baetz [#112], Mr. Hermann seeks to file the affidavit of Michael Baetz, his former bankruptcy lawyer. For reasons noted by Hartford in its response [#122], the affidavit of Mr. Baetz is not properly considered as evidence in opposition to the motion for summary judgment. For example, the affidavit was not signed under oath. If the affidavit potentially presented a fact on which the fate of the summary judgment motion might hinge, the flaws in the affidavit might be corrected. In addition, if the motion [#112] of Mr. Hermann is viewed as a response to the motion for summary judgment, the response is not timely filed.

Mr. Hermann was acting *pro se* when he filed this motion, although he says his former attorney drafted most of the motion. Particularly given that circumstance, I have considered the signed statement of Mr. Baetz in resolving the motion for summary

5

judgment. In addition, I overlook the fact that the motion [#112], when viewed as a response to the motion for summary judgment, was not timely filed.

In his unsworn written statement, Mr. Baetz asserts, in essence, that the disclosure in the original Schedule B of the bankruptcy petition of Mr. Hermann was sufficient to disclose his potential claim against Hartford. For the reasons noted in this order, I respectfully disagree. Given these circumstances, I will grant the motion [#112] to file the written statement of Mr. Baetz. In granting that motion, however, I do not conclude that the written statement of Mr. Baetz and other material presented with the motion [#112] is evidence properly considered in resolving a motion for summary judgment.

## V. ANALYSIS - SUMMARY JUDGMENT

Generally, three factors inform the application of the doctrine of judicial estoppel in a particular case. **Eastman v. Union Pacific R. Co.**, 493 F.3d 1151, 1156 (10th Cir. 2007). First, the position taken by a party in the present case must be clearly inconsistent with the position of that party in a former case. *Id*. Second, the court should determine whether the party succeeded in persuading a court to accept the former and inconsistent position taken by the party so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. *Id*. (internal quotation and citation omitted). Third, the court should inquire whether the party asserting an inconsistent position would gain an unfair advantage in the litigation if not estopped. *Id*.

In **Eastman**, a bankruptcy debtor failed to disclose in his bankruptcy petition and otherwise key aspects of a pending personal injury lawsuit in which he was a plaintiff. *Id*. at 1153 - 1154. A discharge was granted. *Id*. at 1154. When the bankruptcy trustee learned of the personal injury suit, the trustee move to re-open the bankruptcy case and

list the lawsuit as an asset of the estate. *Id*. at 1154. The trustee moved to intervene in the personal injury suit, agreed to a settlement with two of the defendants, and then withdrew from the personal injury case. The question in *Eastman* was whether judicial estoppel barred the debtor from pursuing claims against the remaining defendants in the personal injury case.

Applying the three factors, the court concluded that judicial estoppel barred the debtor from pursuing the personal injury case against the remaining defendants. Generally, the *Eastman* court noted that courts are reluctant to accept contentions of debtors that they inadvertently or mistakenly forgot to inform the bankruptcy court of a potential claim. *Id*. at 1157. Only when the debtor "either lacks knowledge of the undisclosed claims or has no motive for their concealment" are such contentions accepted. *Id*.; *see also Burnes v. Pemco Aeroplex*, *Inc.*, 291 F.3d 1282, 1287 (11th Cir. 2002) ("several circuits, in considering the particular issue of judicial estoppel and the omission of assets in a bankruptcy case, have concluded that deliberate or intentional manipulation can be inferred from the record.").

In the present case, Mr. Hermann knew firsthand of the delay he experienced in obtaining insurance benefits from Hartford. The improper delay occurred, allegedly, between January and May 2010. Mr. Hermann filed his bankruptcy petition on June 29, 2010. Mr. Hermann contends also that his statement on Schedule B that he had a "Potential Personal Injury Award" was sufficient disclosure of his claim against Hartford. I disagree. Mr. Hermann asserts in this case a claim for delay and denial of insurance benefits. It is not accurate to call this case a personal injury case and those words are inadequate to reasonably alert a bankruptcy court and trustee to the existence of a claim of this type. Therefore, the claim that the words "personal injury award" adequately disclosed

the claim asserted in this case is unavailing.

Stated simply, the position taken by Mr. Hermann on Schedule B of his bankruptcy petition was that he did not have a potential claim for delay or denial of insurance benefits. The position taken by Mr. Hermann in this case is that he does have a claim for delay or denial of insurance benefits. The two positions are clearly inconsistent. "(J)udicial estoppel is particularly appropriate where, as here, a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." ***Eastman***, 493 F.3d at 1158 (internal quotation and citation omitted).

Without question, Mr. Hermann succeeded in persuading the bankruptcy court to accept his former and inconsistent position. The bankruptcy court granted a discharge to Mr. Hermann. After Hartford filed its motion for summary judgment asserting judicial estoppel, Mr. Hermann returned to bankruptcy court and disclosed his claim against Hartford. That disclosure was of sufficient importance in the bankruptcy court to generate the ultimate agreement between the Chapter 7 Trustee and Mr. Hermann concerning his claim against Hartford. Until that belated disclosure was made, however, the bankruptcy court was misled.

The fact that Mr. Hartmann returned to the bankruptcy court and disclosed his claim in this case does not save him from judicial estoppel. The debtor in ***Eastman*** returned to bankruptcy court and made a belated disclosure of his claim. That did not preclude the application of judicial estoppel.

> Allowing [a debtor/plaintiff] to "back up" and benefit from the reopening of his bankruptcy only after his omission had been exposed would suggest that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets.

*Id*. at 1160 (internal quotation and citation omitted); *see also Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002).[3]

In situations like this one, the issue of unfair advantage requires a broad focus. One could argue that Hartford suffered no prejudice as a result of the non-disclosure in the bankruptcy court of the claim of Mr. Hermann against Hartford. Hartford was not a party to or a creditor in the bankruptcy case. "The doctrine of judicial estoppel protects the integrity of the judicial system, not the litigants; therefore, numerous courts have concluded, and we agree, that while privity and/or detrimental reliance are often present in judicial estoppel cases, they are not required." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1287 (11th Cir. 2002) (internal quotation and citation omitted). Those asserting judicial estoppel need not demonstrate individual prejudice. *Id*. Unfair advantage is shown by the fact that Mr. Hermann obtained a bankruptcy discharge based on a bankruptcy petition that failed to disclose the existence of a potentially valuable asset known to Mr. Hermann.

## VI. CONCLUSION & ORDERS

The record demonstrates that there is no genuine dispute as to any fact material to the application of judicial estoppel in this case. The law of this circuit and several other circuits supports the application of judicial estoppel in this case. Viewing the facts in the record in the light most favorable to Mr. Hermann, I find that the defendant is entitled to summary judgment based on judicial estoppel.

**THEREFORE, IT IS ORDERED** as follows:

---

[3] In two unpublished cases, the United States Court of Appeals for the Tenth Circuit has taken a similar position. *Ardese v. DCT, Inc.*, 280 Fed. Appx. 691, 695 (10th Cir. 2008); *Higgins v. Potter*, 416 Fed.Appx. 731, 733 - 734 (10th Cir. 2011).

9

1. That under Fed. R. Civ. P. 56, **Hartford Casualty Insurance Company's Motion for Summary Judgment and Brief in Support of the Motion** [#67] filed October 1, 2012, is granted; and

2. That the **Motion for Leave to File the Affidavit of Attorney Michael Baetz as a Supplement to the Record Regarding Defendant's Motion for Summary Judgment (Doc. No. 67)** [#112] filed May 14, 2015, is granted, but without any implication that the court finds the material tendered with the motion to be evidence properly considered in resolving a motion for summary judgment;

3. That all other pending motions, including those docketed as [#65 & #68], are denied as moot;

4. That judgment shall enter in favor of the defendant, Hartford Casualty Insurance Company, and against the plaintiff, John Hermann,

5. That the defendant is awarded its costs to be taxed by the clerk of the court in the time and manner prescribed in Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

6. That this case is closed.

Dated March 25, 2016, at Denver, Colorado.

                              **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge